IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF PENNSYLVANIA

IN RE )
CHANDAN S. VORA )
) Misc. No. 08-104
)
)

MEMORANDUM AND ORDER OF COURT

Since 1985, Chandan S. Vora has filed sixty-five civil rights actions in the United States District Court for the Western District of Pennsylvania in which she has appeared *pro se* and *in forma pauperis*.[1] Vora has sued, *inter alia*, the City of Johnstown, various Johnstown public officials and police officers, the Commonwealth of Pennsylvania and other governmental agencies. Vora's cases consistently have been summarily dismissed by this court for lack of jurisdiction and as otherwise frivolous. At the appellate level, Vora has been equally prolific and unsuccessful. Nevertheless, after many of Vora's cases are dismissed and closed by the district court, and subsequently appealed to the United States Court of Appeals for the Third Circuit, she continues to

---

1. Vora's cases are docketed in the United States District Court for the Western District of Pennsylvania at the following civil action numbers: 85-141; 85-2783; 86-645; 86-646; 86-647; 86-866; 86-653; 86-2588; 88-1292; 91-605; 91-72J; 91-168J; 92-36J; 92-416J; 92-589J; 95-284J; 96-96J; 96-264J; 97-50J; 97-208J; 97-321J; 98-120J; 98-203J; 98-297J; 99-155J; 99-177J; 99-222J; 00-30J; 00-263J; 01-347J; 01-386J; 02-27J; 02-82J; 02-169J; 02-183J; 02-199J; 03-16J; 03-130J; 03-131J; 03-274J; 04-123J; 04-207J; 04-221J; 05-208J; 05-355J; 06-5J; 06-106J; 06-232J; 07-11J; 07-12J; 07-78J; 07-79J; 07-80J; 07-88J; 07-103J; 07-160J; 07-177J; 07-207J; 07-271J; 07-336J; 08-62J; 08-118J; 08-129J; 08-149J; and 08-201J.

file with the district court meritless motions and pleadings in the very same cases.

As a *pro se* litigant, Vora's papers, which routinely exceed 50 pages, must be processed by personnel in the District Court Clerk's Office. Oftentimes, the papers Vora presents for filing are soiled or torn. To prevent damaging the Clerk's Office computer equipment, the Clerk's Office personnel must bear the administrative burden of reproducing Vora's voluminous papers before they can be processed through the court's electronic filing system.

Vora refers to her pleadings in cases that have been dismissed and closed by the district court and subsequently appealed as "motions to vacate", "motions to reconsider", "motions for an injunction", "motions to extend", "motions for discovery", "motions for continuance", or "supplements".[2] Although the

---

2. Johnstown Police Cop Janciga v. Vora, Civil No. 07-80J, presents just one example of the pattern Vora follows in filing repeated, meritless pleadings in dismissed and appealed cases. In that case, after the district court dismissed Vora's so-called "petition for removal" for lack of jurisdiction and as otherwise frivolous and the case was closed, Vora filed a motion to vacate, which was denied by the district court. Vora next appealed to the United States Court of Appeals for the Third Circuit. While her case was pending in the Third Circuit, Vora filed with the district court a "motion for a preliminary injunction", which this court denied for lack of jurisdiction. Subsequently, the Third Circuit entered a judgment dismissing Vora's appeal. Nonetheless, *after* the Third Circuit's dismissal of Vora's appeal, she proceeded to file seven additional pleadings in the district court designated as follows: "motion for continuance and supplement to notice of removal", "supplement", "second supplement", "third supplement", "motion for injunction/motion to vacate", "motion to vacate and motion to grant relief", and "motion for extension of time." Vora's vexatious filings are not limited to Civil No. 07-80J. By way

additional motions and pleadings which Vora files in cases that have been dismissed and closed by the district court and subsequently appealed are not properly before this court, until recently the court has ruled on those motions, dismissing them for lack of jurisdiction or denying them as moot when appropriate.

However, as the number of Vora's meritless pleadings in dismissed and appealed cases has escalated significantly in the past year, this court deemed it necessary to address the matter because Vora's tactics are an abuse of the judicial process, a waste of judicial resources, and a significant administrative burden on Clerk's Office personnel. Accordingly, on April 8, 2008, this court issued a rule to show cause upon Vora to show cause why she should not be enjoined from filing any further pleadings in cases that have been dismissed and closed by the district court and subsequently appealed to the Third Circuit. See Document No. 1. On June 19, 2008, Vora filed her response to the rule to show cause (Document No. 4). For the reasons set forth herein, this court finds that Vora has failed to show cause as required by the April 2008 order. Accordingly, Vora will be enjoined from making additional filings in cases that have been dismissed and closed by the district court and subsequently appealed to the Third Circuit.

The All Writs Act, 28 U.S.C. §1651(a), enables a district

---

of example, she has proceeded in a similar fashion in the following cases: Civil Nos. 06-232J, 07-11J, 07-79J, 07-103J, 07-177J, 07-207J, 07-271J and 07-336J.

court to issue an injunction to preclude abusive, groundless and vexatious litigation. See In re Oliver, 682 F.2d 443, 445 (3d Cir. 1982). However, the district court must comply with certain requirements when issuing such injunctive orders against *pro se* litigants. First, the district court only may restrict a litigant from filing claims in exigent circumstances, such as when a litigant continually abuses the judicial process by filing meritless and repetitive actions. Matter of Packer Ave. Assoc., 884 F.2d 745, 747 (3d Cir. 1989); In re Oliver, 682 F.2d at 445-46. In addition, if in the judgment of the district court the circumstances warrant the imposition of an injunction, the district court must give notice to the litigant to show cause why the proposed injunctive relief should not issue. Gagliardi v. McWilliams, 834 F.2d 81, 83 (3d Cir. 1987); In re Oliver, 682 F.2d at 446. This gives the litigant an opportunity to oppose the court's order before it is instituted. Likewise, the scope of the injunctive order must be narrowly tailored to fit the particular circumstances of the case before the district court. See Matter of Packer Ave. Assoc., 884 F.2d at 748; see also In re Oliver, 682 F.2d at 446.

The proscription placed on Vora by the injunctive order issued herein satisfies each of the above requirements. First, Vora is an abusive litigant who not only repeatedly files meritless cases, but who also continually files baseless pleadings and motions with the district court after a case has been dismissed by this court and appealed to the Third Circuit. As

%AO 72
(Rev. 8/82)

indicated by the example described in footnote 2, supra, Vora repeatedly attempts to re-litigate adjudicated claims by filing various documents designated as "motions to vacate", "motions for injunction", "motions to reconsider" and the like. Her tactics are a burden to both this court and to the Clerk's Office personnel. Thus, exigent circumstances exist which warrant imposition of an injunction.

Second, this court provided Vora with an order to show cause why an injunction should not issue. Despite the opportunity to be heard on the matter, Vora's response to the show cause order provides absolutely no explanation why she should be permitted to proceed with her abusive litigation tactics in cases that have been dismissed and closed by the district court and subsequently appealed to the Third Circuit. Indeed, when Vora appeals the district court's dismissal of a case, the matter then is within the jurisdiction of the Third Circuit Court of Appeals. Therefore, when Vora continues to file motions with the district court in a case that is on appeal, this court has no jurisdiction to rule on her motions. Similarly, when the Third Circuit disposes of an appeal filed by Vora by affirming this court's dismissal of her case or by dismissing her appeal, and Vora then continues to file motions in the district court, no issues remain for this court to rule upon. Quite simply, there is no explanation that Vora *could* provide which would justify her filing pleadings and motions in cases that are dismissed and closed by the district court and subsequently appealed.

Finally, this court's injunctive order is narrowly tailored to the circumstances of Vora's particular situation. Vora is prohibited from filing motions and pleadings in cases that have been dismissed and closed by the district court *and* appealed to the Third Circuit. As explained, in that instance, while Vora's appeal is pending in the Third Circuit, this court lacks jurisdiction to decide any motion which Vora may file with the district court. Moreover, in cases where the Third Circuit affirms the district court's dismissal of Vora's case or otherwise dismisses her appeal, there are no remaining issues for this court to rule upon, thus additional filings in the district court are not warranted.

This court notes the decision in <u>Abdul-Akbar v. Watson</u>, 901 F.2d 329 (3d Cir. 1990), wherein the Third Circuit endorsed the approach taken in <u>In re Green</u>, 669 F.2d 779 (D.C. Cir. 1981), as striking an appropriate balance between an indigent citizen's access to the district court and the court's interest in being free from abusive tactics. The Third Circuit held that when a district court concludes that a litigant has abused the judicial process by filing a number of frivolous §1983 cases in a relatively brief period of time and will continue to file such cases unless restrained, the court may enter an injunction directing that the litigant not file any §1983 claims without leave of court and that in seeking leave of court, the litigant must certify (1) that the claims she wishes to present are new claims never before raised and disposed of on the merits by any

federal courts, (2) that she believes the facts alleged in her complaint to be true, and (3) that she knows of no reason to believe her claims are foreclosed by controlling law. Abdul-Akbar v. Watson, 901 F.2d at 333. Such an injunction should state that upon a failure to certify or upon a false certification, the litigant may be found in contempt of court and punished accordingly. Id.

Although the injunctive order entered in this case does not follow the procedure outlined in Abdul-Akbar, this court believes that the order does not run afoul of the established law. As stated above, the injunctive order only prohibits Vora from filing motions and pleadings in cases that have been dismissed and closed by the district court *and* appealed to the Third Circuit. The injunction is meant to prohibit Vora's filings in two scenarios: (1) while an appeal is pending in the Third Circuit, this court does not have jurisdiction to rule upon motions which she may file in the district court; and (2) if the Third Circuit affirms the district court's dismissal of Vora's case or otherwise dismisses her appeal, additional filings in the district court in that particular case are not warranted because no issues remain for the district court to decide. The injunctive order is narrowly tailored to address those two scenarios. It does not preclude Vora from filing a new case in the district court, nor does it preclude her from filing a document in a case pending in the district court that has not been appealed.

In sum, the injunction does not preclude Vora's access to

federal court. It simply prevents her from engaging in abusive tactics in cases where this court lacks jurisdiction to rule on a motion because the case is on appeal or where the case has been decided and disposed of at the district court and appellate level. Accordingly, an appropriate injunctive order will follow.

ORDER OF COURT

AND NOW, this 20th day of October, 2008, in consideration of Dr. Chandan S. Vora's response (Document No. 4) to this court's rule to show cause in this matter (Document No. 1), and for the reasons set forth above, IT IS HEREBY ORDERED that from this day forward, Vora is prohibited from filing in the district court any motions, pleadings and other documents in cases that have been dismissed and closed by the district court and that subsequently have been appealed to the United States Court of Appeals for the Third Circuit. When Vora presents a motion, pleading or other document for filing, the Clerk's Office personnel shall check the docket on the district court's electronic case management system to determine the following: (1) whether the case in which Vora seeks to make a filing has been dismissed and closed by the district court; and (2) whether Vora has appealed such case to the Third Circuit Court of Appeals and/or whether the Third Circuit has affirmed the district court's dismissal of her case or otherwise dismissed her appeal. If the case has been dismissed and closed by the district court *and* appealed to the Third

Circuit, the Clerk's Office personnel shall not accept any papers that Vora seeks to file in any such case.

/s/ Gustave Diamond
Gustave Diamond
United States District Judge

cc: Dr. Chandan S. Vora
    511 Robb Avenue
    Johnstown, PA  15901